# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

| | |
|---|---|
| John Sexton, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : **COMPLAINT** |
| Performant Recovery, Inc.; and DOES 1-10, inclusive, | : |
| Defendants. | : |

For this Complaint, the Plaintiff, John Sexton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, John Sexton ("Plaintiff"), is an adult individual residing in Lexington, Kentucky, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Performant Recovery, Inc. ("PRI"), is a California business entity with an address of 333 North Canyons Parkway, Suite 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by PRI and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      PRI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to ACS Education Services (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to PRI for collection, or PRI was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. PRI Engages in Harassment and Abusive Tactics

12.     On March 15, 2013, Plaintiff initiated contact with PRI after he was informed by Creditor that PRI was handling his Debt.

13.     During this initial telephone conversation, Plaintiff informed PRI that he was working on discharge of the Debt.

14.     Plaintiff also informed PRI that he was fully disabled and his only source of income was his Social Security Disability check.

15.     In response, PRI rudely and incorrectly demanded that Plaintiff pay an immediate amount towards the Debt or that PRI would seize Plaintiff's Social Security check, his long term disability check and his joint tax returns.

16.     PRI also informed Plaintiff that he owed an amount towards the Debt that was almost $10,000.00 more than the original amount incurred.

17.     After Plaintiff again reiterated his financial situation, PRI offered to enter Plaintiff into a hardship program and demanded Plaintiff provide all the required information and banking account information by four o'clock the following day.

18.     PRI's demands for immediate action on Plaintiff's end caused Plaintiff a great deal of stress and fear as he could not provide all the required information for the hardship program to PRI in only one business day.

19.     Moreover, PRI failed to send Plaintiff written validation of the Debt, including notice of Plaintiff's rights under federal law, as required by 15 U.S.C. § 1692g.

**C. Plaintiff Suffered Actual Damages**

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq.*

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of his property if the debt was not paid.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

4

## COUNT II
## VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT,
## Ky. Rev. Stat. Ann. § 367.110, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendants are each individually a "person" as defined by Ky. Rev. Stat. Ann. § 367.110(1).

34. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Ky. Rev. Stat. Ann. § 367.170.

35. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Ky. Rev. Stat. Ann. § 367.220(1) against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to Ky. Rev. Stat. Ann. § 367.220(3);

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 30, 2013

        Respectfully submitted,

        By  _/s/ Joseph E. Blandford, Jr._

        Joseph E. Blandford, Jr., Attorney at Law
        1387 S. Fourth Street
        Louisville, Kentucky 40208
        Telephone: (855) 301-2100 Ext. 5535
        Facsimile: (888) 653-9237
        jblandford@lemberglaw.com

        <u>Of Counsel To</u>
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (888) 953-6237